**FITZGERALD MARINE SALES, Ebbtide Corporation and Attwood Corporation, Appellants,**

v.

**John LeUNES, Appellee.**

**No. 2–82–187–CV.**

Court of Appeals of Texas, Fort Worth.

Oct. 20, 1983.

Scott, Douglass & Keeton, Page Keeton and Steve Selby, Austin, for appellants.

Fillmore & Associates and H. Dustin Fillmore and Richard L. Scheer, Fort Worth, for appellant Atwood Corporation.

Lane, Ray & Getchell and Henry Getchell, Fort Worth, for appellant Fitzgerald Marine Sales.

Cantey, Hanger, Gooch, Munn & Collins, Paul Boudloche, Fort Worth, for appellant Ebbtide Corporation.

Law Offices of Massie Tillman and Massie Tillman and Lexa Anne Auld, Fort Worth, for appellee.

Before HUGHES, JORDAN and BURDOCK, JJ.

**OPINION ON MOTION FOR REHEARING**

HUGHES, Justice.

Fitzgerald Marine Sales, Ebbtide Corporation, and Attwood Corporation have appealed the judgment rendered against them in a products liability suit involving the steering wheel on a motorboat which broke when John LeUnes was thrown from his boat.

In their answers to the special issues, the jury found that the steering wheel was defective and was a producing cause of

LeUnes' injuries. They awarded $109,-500.00 as damages. Judgment was rendered awarding that amount and appellants bring this appeal.

On consideration of appellee's motion for rehearing, we have concluded that our former opinion and judgment should be withdrawn and the following opinion and judgment should be substituted.

We reverse and render.

On the date of the accident, John LeUnes and his friend, Ted Russell, were fishing on Lake Whitney in Tarrant County, Texas. They were operating an Ebbtide bass boat which LeUnes had purchased from Fitzgerald Marine Sales four days earlier. (The steering wheel on the boat was manufactured by Attwood Corporation.) They had been on the lake for over five hours when the accident occurred.

LeUnes was driving the boat as he and Russell left one of the fishing areas. When they left the channel, LeUnes pushed the throttle all the way forward in order to pick up speed. Shortly after the boat had planed out, and while the boat was traveling at or near maximum speed of 35 mph, the engine revved up and the boat took a sudden, violent turn to the right. LeUnes and Russell were both thrown out of the boat.

As LeUnes was thrown from the boat, the upper portion of the steering wheel on which he was holding broke. With the wheel still in his hand, he was thrown about 15 to 20 yards from the boat. When Russell was thrown from the boat, he was holding the aluminum rail on the port side of the boat which evidently was bent by the stress put upon it. The boat circled several times and both men were hit by it. LeUnes suffered the more serious injuries when he was hit by the propeller of the boat.

LeUnes originally brought suit against Ebbtide Corporation, Attwood Corporation, Fitzgerald Marine Sales and Chrysler Corporation, alleging breach of warranty, negligence in the design and manufacture of the steering wheel, and liability under RESTATEMENT (Second) OF TORTS, sec. 402A (1965). There was no evidence offered at trial to show Chrysler Corporation to be liable under any of the alleged theories.

Appellants raise five points of error on appeal in which they complain of the sufficiency of the evidence to support the jury's findings. Points three and four question the sufficiency of the evidence to show the boat was defective with respect to its steering wheel. By the wording of the special issues it is unclear what type of defect LeUnes is asserting. From the evidence, however, it is clear that the only possible defect was a manufacturing defect. There was no evidence that the steering wheel was defectively designed or marketed.

To recover for a manufacturing defect under strict liability, the plaintiff must show a manufacturing flaw which renders the product unreasonably dangerous; that the defect existed at the time the product left the seller, and that the defect was the producing cause of the plaintiff's injuries. RESTATEMENT (Second) OF TORTS, sec. 402A (1965). Expert testimony as well as circumstantial evidence surrounding the accident can be used to prove a manufacturing defect. *Ford Motor Company v. Bland*, 517 S.W.2d 641 (Tex.Civ. App.—Waco 1974, writ ref'd n.r.e.).

Raymond Schiltz, a metallurgist, testified concerning his findings from experiments on the steering wheel. He found that the plastic rim on the steering wheel contained voids that arose during the manufacturing process and that these voids reduced the strength of the plastic. He also testified that the plastic did not have the "strength and ability to stretch that he thought it should have." Furthermore, the fact that the top portion of the steering wheel broke in LeUnes' hands while he was holding onto it is circumstantial evidence of a manufacturing flaw. The jury had sufficient evidence to support a finding of a defect or flaw in the steering wheel. A defect in the product, though, is not enough to hold a manufacturer liable under strict liability. The plaintiff must also show the flaw renders the product unreasonably dangerous. *Turner v. General Motors Corpora-*

*tion,* 514 S.W.2d 497 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.).

The jury was instructed that an unreasonably dangerous product is one that is dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, with the ordinary knowledge common to the community of such users as to the product's characteristics.

The purpose of the steering wheel on a motorboat is to steer the boat. LeUnes is asking that the defendants be held liable because the steering wheel on his boat was not suitable as a restraining device. There was some evidence at trial that the steering wheel could not be used effectively as a restraint. This is shown by the fact that when LeUnes used the steering wheel as a restraint, it broke in his hand and he was thrown into the water. There is no evidence, however, that the steering wheel was unreasonably dangerous when used for the purpose it was intended; steering the boat. LeUnes would have us hold defendants liable for a damaging event that would not likely result from the defect that existed here, namely: voids in the plastic.

Since there was no evidence at all that the steering wheel was unreasonably dangerous when used as a steering wheel, the product was not defective as a matter of law. Appellant's third point of error is sustained.

The judgment of the trial court is reversed and judgment is rendered that plaintiff take nothing.