**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 95-40758**
**Summary Calendar**
_____

**DORISTEEN BROWN,**

**Plaintiff-Appellant,**

**versus**

**KATHY MISKA, ET AL.,**

**Defendants,**


**MITSUBISHI MOTOR SALES OF AMERICA, INC.,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(CA-V-94-067)**
_____

August 29, 1996

Before JONES, JOLLY, and STEWART, Circuit Judges.

PER CURIAM:[*]

        Doristeen Brown ("Brown") appeals the district court's

decisions to strike her expert's proposed testimony and to award

summary judgment to Mitsubishi Motor Sales of America, Inc.

        [*] Pursuant to Local Rule 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in Local Rule 47.5.4.

("Mitsubishi") on Brown's product liability claims.  Finding no error in these decisions, this court AFFIRMS.

## BACKGROUND

On June 1, 1992, while driving her son's 1990 Mitsubishi Galant in Victoria, Texas, Brown was rearended by another driver, Cathy Miska ("Miska").  Upon impact, the seatback of Brown's car twisted somewhat, leaving the left side of the seat farther forward than the right.  Brown moved the seatback into an upright position before she left the accident scene.

After the accident, Brown had the Mitsubishi repaired. During the course of repairs, Brown complained that the seat back had not been properly restored and adjusted, so the entire driver's seat was replaced.  Brown did not preserve the original seatback or the recliner mechanism.  As a result, neither is available for analysis or study.

Brown filed suit against both Miska and Mitsubishi for the injuries she allegedly sustained during this accident.  Brown has settled her claims against Miska and seeks recovery from Mitsubishi, alleging that the seat back of the car was defectively manufactured and that this defect proximately caused serious injuries to her back.

To support her claims against Mitsubishi, Brown relies on the purportedly expert testimony of David F. Cox ("Cox"), an engineer, who testified that the Mitsubishi seatback was defective.

Even though Cox was unable to examine either the seatback or recliner mechanism involved in the collision, he nonetheless concluded that the seatback was defective. Cox apparently reached this conclusion by examining a model seat provided by Brown's attorney and by relying exclusively on the attorney's version of the accident. Indeed, Cox never reviewed Brown's deposition testimony, did not calculate the speed or acceleration of either vehicle in the accident, and did not determine the magnitude of the force that might have impacted the seatback during the collision.

Brown seeks to bolster Cox's perfunctory conclusions through evidence that the replacement seat did not bend or collapse during a subsequent collision on April 25, 1993. In this collision, Brown was hit from behind by a pickup truck while her vehicle was stationary. Brown asserts that the fact that the seatback survived this accident demonstrates that the original seatback was defective. However, Brown did not produce any expert testimony analyzing or otherwise comparing either the two collisions or the two seatbacks.

After considering Brown's evidence, the district court granted Mitsubishi's motion to strike Cox's expert testimony as well as its motion for summary judgment on Brown's products liability claims.

**DISCUSSION**

I. <u>Striking the Expert Testimony</u>

3

This court will disturb a trial court's ruling regarding the admissibility of expert testimony only if the ruling is manifestly erroneous. *See U.S. v. Moore,* 997 F.2d 55, 57 (5th Cir. 1993); *Christophersen v. Allied-Signal Corp.,* 939 F.2d 1106, 1109 (5th Cir. 1991); *Phillips Oil Co. v. OKC Corp.,* 812 F.2d 265, 280 n.32 (5th Cir. 1987), *cert. denied,* 484 U.S. 851, 108 S. Ct. 152.

Before an expert witness will be allowed to opine, "the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* ___ U.S. ___, ___, 113 S. Ct. 2786, 2795 (1993); *see also E.I. Du Pont De Nemours & Co. v. Robinson,* 38 Tex. Sup. Ct. J. 852 (1995) (applying the *Daubert* inquiry to trials in Texas state courts). As a result, the district court will engage in a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology can properly be applied to the facts in issue." *Daubert,* ___ U.S. at ___, 113 S. Ct. at 2796. The focus of this assessment "must be solely on principles and methodology, not on the conclusions that they generate." *Id.*[1]

In the instant case, because the proffered expert testimony was premised on specious, questionable, and unscientific

---

[1] There is a serious question whether Cox's background qualified him to testify as an expert on the subject of defective automobiles, but the district court did not predicate his opinion on that point, and neither do we.

methodology, the district court properly refused to admit the testimony.  As discussed earlier, not only did Cox not examine either the allegedly defective seatback or recliner mechanism, but also he never reviewed Brown's deposition testimony, did not calculate the speed or acceleration of either vehicle in the accident, and did not determine the force caused by the collision.  Indeed, his only understanding of the collision was developed exclusively by conversations with Brown's attorney.  Since Cox did not engage in either sound scientific analysis or reasoning, the district court correctly surmised that his methodology and expert opinions were not only untestable, but also inherently unreliable.


II.  <u>Summary Judgment on Products Liability</u>

As has been frequently explained, this court reviews the district court's grant of summary judgment de novo, employing the same criteria used in that court.  *Burfield v. Brown, Moore & Flint, Inc.,* 51 F.3d 583, 588 (5th Cir. 1995).  Summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The nonmovant must do more than merely raise some metaphysical doubt as to the material facts.  *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574,

586, 106 S. Ct. 1348, 1355 (1986).

In Texas, Brown's claim that the Mitsubishi seatback was defective requires that she demonstrate that a manufacturing flaw existed in the seatback when the car left Mitsubishi's possession and that this flaw proximately caused her injuries. *See, e.g., Fitzgerald Marine Sales v. LeUnes,* 659 S.W.2d 917, 918 (Tex. App.-- Dallas 1983, writ dism'd). In order to satisfy this burden, Brown is required to produce expert testimony supporting the existence of a defect; without such testimony, Brown cannot reach the jury. *See, e.g., Hernandez v. Nissan Motor Corp.,* 740 S.W.2d 894, 895 (Tex. App.--El Paso, 1987, writ denied) ("No expert witness of any sort was presented as to any defect that the automobile might have had . . . The mere fact that an accident occurred is not sufficient proof that the automobile was defective."); *Selig v. BMW of N. Am., Inc.,* 832 S.W.2d 95, 99-100 (Tex. App.--Houston [14th Dist.] 1992, no writ). Brown has failed to produce such admissible expert testimony and, as a result, has not created a triable issue of fact for the jury concerning the alleged defect.

This failure is not cured by Brown's assertion that since the replacement seatback survived a subsequent collision, the original seatback must have been defective. As discussed earlier, the sparse description that Brown provides of her subsequent accident is not probative of her claim against Mitsubishi. Brown has not produced expert testimony comparing the two accidents and

6

supporting her assertion that the original seatback was defective. Absent rank speculation, since the two accidents were never analyzed in any detail, it is not possible for reasonable minds to conclude that the original Mitsubishi seatback was defective from what little is known about the second accident or replacement seatback. Under such circumstances, a jury could not find that a preponderance of the evidence demonstrates that the original seatback was defective and, therefore, the decision of the district court to grant summary judgment to Mitsubishi was proper.

## CONCLUSION

For the foregoing reasons, the decisions of the district court to strike Brown's proffered expert testimony and to award summary judgment to Mitsubishi on Brown's products liability claims are AFFIRMED.

7