Charles **KRIEDLER**, Appellant,

v.

**PONTIAC DIVISION OF GENERAL MOTORS CORPORATION,** et al., Appellees.

**No. 8213.**

Court of Civil Appeals of Texas, Texarkana.

May 21, 1974.

Rehearing Denied June 18, 1974.

Charles Kriedler, as plaintiff, brought suit against Pontiac Division of General Motors Corporation and Pete Mankins Pontiac, Inc., as defendants, alleging breach of warranty, breach of implied warranty, and negligence as grounds for recovery of the cost, as well as the diminished value, of a Pontiac stationwagon sold him by Pete Mankins Pontiac, Inc.; and for damages resulting from the loss of use of such vehicle and for consequential damages. After plaintiff and defendants closed their presentation of evidence and rested, the defendants moved the trial court to withdraw the case from the jury and render judgment that Kriedler take nothing by his suit. The motion was granted.

The appellant's two points of error are as follows:

"Point Number One. The trial court erred in withdrawing the case from the jury and rendering judgment in favor of Defendant, Pontiac Division of General Motors, as there was sufficient evidence to warrant submission of the case to the jury under the theory of breach of implied warranty of merchantability.

"Point Number Two. The trial court erred in withdrawing the case from the jury and rendering judgment in favor of Defendant, Pete Mankins Pontiac, Inc., as there was sufficient evidence to warrant submission of Plaintiff's cause to the jury under the theory of breach of implied warranty of merchantability."

Donald B. Friedman, Harkness, Friedman & Kusin, Texarkana, for appellant.

George L. McWilliams, Hubbard, Patton, Peek, Haltom & Roberts, Texarkana, Royce Weisenberger, Jr., Autrey & Weisenberger, Texarkana, Ark., for appellees.

CHADICK, Chief Justice.

This is a breach of warranty case. The take nothing judgment entered in the trial court is affirmed.

For the purpose of discussion it will be assumed but not decided that the Pontiac stationwagon was impliedly warranted as merchantable. See Tex. Bus. & Commerce Code, Sec. 2.314 V.T.C.A., governing implied warranty of merchantability. By such license the issue in this appeal is reduced to the question of whether or not sufficient evidence was introduced to require the trial court to submit Kriedler's case to the jury on the theory of breach of implied warranty.

Kriedler's pleadings alleged the purchased vehicle was defective, specifying a faulty motor as one defect. Proof was adduced that Kriedler purchased the vehicle in September, 1971, and in the following eleven months experienced several minor operational failures requiring repair and adjustments, all of which were satisfactorily corrected by Pete Mankins Pontiac, Inc., without cost to Kriedler. In August, 1972, the engine in the automobile "burned Up." The odometer registered 17,000 miles at the time. Some six months prior to this burning episode, Kriedler had the timing points and spark plugs replaced by servicemen independent of the appellants. The president of Pete Mankins Pontiac, Inc. testified that in his opinion the damage to the engine was caused by improper ignition advance resulting from maladjustment of "timing;" and that installation of points and plugs without a timing adjustment, as recommended by Pontiac, would cause the mishap that occurred in this instance.

■ In the absence of proof that the implied warranty is of a continuing nature, such as for a fixed period of time, such warranty relates to the time of sale and does not cover future defects not in existence at such time or inherent in the article sold. Jack Roach-Bissonnet, Inc. v. Puskar, 417 S.W.2d 262 (Tex.Sup.1967); Pittsburg Coca-Cola Bottling Works v. Ponder, 443 S.W.2d 546 (Tex.Sup.1969); Colwell v. Ware, 395 S.W.2d 394 (Tex. Civ.App., Fort Worth 1965, wr. ref'd, n. r. e.); 50 Tex.Jur.2d Sales, Secs. 250, 259 and 263; 77 C.J.S. Sales §§ 320, 366 c(4); 67 Am.Jur. Sales, Sec. 439; Tex.Bus & Commerce Code, Sec. 7.725(b).

■ The evidence, given the construction most favorable to Kriedler's case, is not sufficient to negate the possibility of an intermediate act or agency (that is, an act or cause arising after deliver and before the engine fire), producing the engine failure. Neither is the evidence sufficient to negate access to and possible misrepair or maltreatment of the engine by others. For discussion of these controlling requirements see Pittsburg Coca-Cola Bottling Works v. Ponder, supra, and Hankins v. Coca Cola Bottling Co., 151 Tex. 303, 249 S.W.2d 1008 (1952). The insufficiency of proof in these areas distinguish this case from Ford Motor Co. v. Grimes, 408 S.W. 2d 313 (Tex.Civ.App., Eastland 1966, wr. dism'd); Ford Motor Co. v. Lemieux Lumber Co., Inc., 418 S.W.2d 909 (Tex. Civ.App., Beaumont 1967, no writ); Barnett v. Ford Motor Co., 463 S.W.2d 33 (Tex.Civ.App., Waco 1970, no writ). Dicta in Sam White Oldsmobile Co. v. Jones Apothecary, Inc., 337 S.W.2d 834 (Tex. Civ.App., Houston 1960, wr. ref'd, n. r. e.) appears to support the view expressed here.

Under the record made, the trial judge's action was not erroneous. The judgment of the trial court is affirmed.