Jose R. HERNANDEZ and wife, Lucia Hernandez, Appellants,

v.

NISSAN MOTOR CORPORATION IN U.S.A. and Northeast Datsun, Inc., a/k/a Dymon, Inc., Appellees.

No. 08–87–00088–CV.

Court of Appeals of Texas, El Paso.

Nov. 25, 1987.

Rehearing Denied Dec. 23, 1987.

**895**

Sam J. Dwyer, El Paso, for appellants.

Sam Sparks, Grambling Mounce, Terry Pasqualone, Merkins, Hines & Pasqualone, El Paso, for appellees.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

FULLER, Justice.

Appellees, an automobile dealer and an automobile manufacturer were granted an instructed verdict at the close of the automobile owner's case. The trial court entered a take nothing judgment. We affirm the judgment of the trial court.

Appellants, Jose R. Hernandez and wife, Lucia Hernandez, purchased a new 1982 automobile on March 4, 1982. On March 14, 1982, Jose Hernandez started his automobile, engaged it in gear, and while in motion it suddenly accelerated and the gas pedal stuck, resulting in an accident. Suit was filed against the new car dealer and the manufacturer on a strict liability theory. The trial court instructed a verdict for the Appellees at the close of the Appellants' case.

Point of Error No. Three (no other points of error are alleged) asserts that the trial court erred in instructing a verdict for Appellees.

■ One suing under a strict liability theory must produce evidence of a defect and must produce evidence of causation. Restatement (Second) of Torts sec. 402A (1965). *Turner v. General Motors Corporation*, 584 S.W.2d 844 (Tex.1979). Appellant, Jose R. Hernandez, when questioned under oath gave the following answers:

Q. Do you know what happened to cause this accident?

A. No.

Q. Can you tell me what was wrong with the car?

A. I do not know.

Q. Do you know of anyone who knows what was wrong with the car?

A. No, I don't know anyone.

■ Appellant, Jose R. Hernandez, was the only witness as to the events that resulted in the accident. No expert witness of any sort was presented as to any defect that the automobile might have had. Appellant relies on res ipsa loquitur being applicable, but such theory only allows an inference of negligence when the character of the accident is such that it would not ordinarily occur in the absence of negligence and that the instrumentality causing the injury is shown to have been under the management and control of the defendant. *Porterfield v. Brinegar*, 719 S.W.2d 558, 559 (Tex.1986). The evidence in the instant case shows that the automobile was under the control of the Appellant from March 4, 1982 through March 14, 1982, and not in or under the exclusive control of the Appellees. *Sloter v. Smith Motor Sales, Inc.*, 417 S.W.2d 766, 768 (Tex.Civ.App.—San Antonio 1967, no writ). The mere fact that an accident occurred is not sufficient proof that the automobile was defective. *Carroll v. Ford Motor Company*, 462 S.W.2d 57, 61 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ).

Appellants' Point of Error No. Three is overruled.

The judgment of the trial court is affirmed.