NUMBER 13-00-023-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________

WAYNE BISHOP, ET AL. , Appellants,


v.


GENERAL MOTORS CORPORATION AND VISTA CHEVROLET , Appellees.

___________________________________________________________________


On appeal from the 94th District Court

of Nueces County, Texas.

___________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Dorsey and Rodriguez

Opinion by Justice Dorsey


This case arises out of a car wreck that occurred in 1982. Wayne Bishop, Roberta Moore and Sheryl Lorraine Bishop were
driving to San Antonio from Corpus Christi, traveling north on Interstate 37 near the Three Rivers exit. Sheryl Bishop,
Wayne's fifteen-year-old daughter, was driving their newly purchased 1982 GMC Suburban. The vehicle inexplicably went
out of control, went over an embankment, and crashed. Sheryl was killed. The plaintiffs contend that the accident was
caused by operating the cruise control in icy conditions, and that the defendants, General Motors Corporation (GMC) and
Vista Chevrolet, Inc. (Vista), failed to adequately warn of this hazard.

Plaintiffs sued GMC and Vista for unreasonably dangerous design and failure to adequately warn of the dangers of
operating the cruise control on icy roads. The defendants filed a motion for summary judgment, urging both traditional and
no-evidence grounds. See Tex. R. Civ. P. 166a(c); Tex. R. Civ. P. 166a(i). The trial court granted summary judgment,
which the plaintiffs here appeal.

In their motion for summary judgment, appellees argued first that, as a matter of law, appellants could not establish a cause
of action for failure to warn because they admitted that neither Wayne Bishop nor Sheryl Bishop had read the owners
manual of the vehicle. The owners manual contained the only warnings given by the manufacturer regarding operation of
the cruise control in icy or slippery conditions. (1) 

GMC and Vista argued that, under General Motors Corporation v. Maria G. Saenz, if the plaintiff in a failure to warn case
admits that he did not read warnings that were provided by the manufacturer, he could not--as a matter of law--show that
those warnings were inadequate because he could not establish that "but for" the manufacturer's failure to provide adequate
warnings, the accident would not have occurred. Saenz, 873 S.W.2d 353 (Tex. 1993). In Saenz, the Texas Supreme Court
held that "[t]here is no presumption that a plaintiff who ignored instructions that would have kept him from injury would
have followed better instructions." Saenz, 873 S.W.2d at 359.

We find the trial court correctly granted summary judgment for a more basic reason. Appellees alleged in the no-evidence
portion of their summary judgment motion that plaintiffs had produced no evidence showing that the cruise control was
either the proximate cause or the producing cause of the accident. We affirm the trial court's decision that no evidence
existed showing that the cruise control caused the accident made the basis of this suit.

To defeat the appellee's no-evidence summary judgment motion, appellants must have raised a fact issue concerning
causation. See Stewart v. Transit Mix Concrete & Materials Co., 988 S.W.2d 252, 255-56 (Tex. App.--Texarkana 1998,
pet. denied). Unless there is some evidence that appellees caused appellants damages, and this evidence satisfies the
requirement of actual causation in fact, appellants are not entitled to recover on any of their claims. See, e.g., Prudential
Ins. Co. v. Jefferson Assocs., 896 S.W.2d 156, 161 (Tex. 1995). In both their negligence and strict products liability causes
of action, appellants were required to show that the faulty cruise control was the cause-in-fact of the accident. See, e.g., id.;
Saenz, 873 S.W.2d at 357. "Cause-in-fact" is a component of both proximate cause and producing cause. See, e.g., Union
Pump Co. v. Allbritton, 898 S.W.2d 773, 775 (Tex. 1995); Prudential Ins. Co., 896 S.W.2d at 161; Saenz, 873 S.W.2d at
357. "Proximate cause" is the causation standard for a negligence cause of action. Saenz, 873 S.W.2d at 357. "Producing
cause" is the causation standard for strict products liability. Saenz, 873 S.W.2d at 357.

To establish cause in fact, the evidence must show that the defendant's act or omission was a substantial factor in bringing
about the injury. See Prudential Ins. Co., 896 S.W.2d at 161. That is, the evidence must show that the injury would not
otherwise have occurred "but for" the defendant's act or omission. See Union Pump Co., 898 S.W.2d at 775; Wal-Mart
Stores, Inc. v. Sholl, 990 S.W.2d 412, 417 (Tex. App.--Corpus Christi 1999, pet. denied). We hold that the appellants
produced no evidence that, but for any defect relating to the cruise control, the accident would not have occurred.

It appears from the record that no evidence exists regarding the exact cause of this accident. The plaintiffs' expert offered
his opinion regarding whether the warnings were adequate, but did not opine that the operation of the cruise control in icy
conditions, in fact, caused the accident. The plaintiffs' evidence that most nearly raises a fact question on the issue of
cause-in-fact was Wayne Bishop's affidavit. It stated:

In this accident Sheryl was proceeding straight ahead at a reasonable rate of speed obeying the warnings to "watch for ice"
on bridges. We perceived no threat or concern of loss of control. Sheryl was driving in her lane of traffic, north, steadily,
straight ahead, steering wheel steady when the car swerved went to one side and out of control. She was in complete
control of the vehicle until that happened. . . .

Based upon my knowledge of the accident, I am of the opinion that the accident would not have happened except for the
use of the cruise control under icy condition . . . . It's true that we first thought it was a defect in the locking differential,
because we received a recall to check for a loose screw, but General Motors reports the locking differential was not defective.

There is no other possible explainable reason for the accident other than the spinning of the wheels that would result when
the driving wheels met a road surface that didn't have sufficient friction to prevent them from spinning which caused loss of
control.

However, even this affidavit is not enough evidence to rise to the level "that would enable reasonable and fair-minded
people to differ in their conclusions" regarding whether the cruise control caused this accident. See Kindred v. Con/Chem,
Inc., 650 S.W.2d 61, 63 (Tex. 1983).

In order to create a fact issue, and thus, defeat a no-evidence motion for summary judgment, the respondent must produce
more than a scintilla of probative evidence. Tex. R. Civ. P. 166a(i). Less than a scintilla of evidence exists when the
evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. Kindred, 650 S.W.2d at 63. We
hold plaintiffs produced no more than a scintilla of evidence establishing that the cruise control was the cause-in-fact of the
accident made the basis of this lawsuit.

Although Bishop's affidavit shows that an accident like the one at issue could be caused by operation of the cruise control
on slippery roads, it does not show that the accident injuring his daughter was caused by the defective cruise control. His
opinion is based on the conclusion that he knows of nothing else that could have caused the accident. 

The mere fact that a product is shown to be defective at the time it is involved in an accident is not, alone, sufficient to hold
the manufacturer liable. See Miller v. Bock Laundry Mach. Co., 568 S.W.2d 648, 650-51 (Tex. 1977). Rather, the defect
complained of must have actually caused the injury at issue in the lawsuit. Id. Nothing unique to products liability law
allows a plaintiff to recover when he cannot offer a scintilla of evidence to show that the alleged defective product actually
caused the injury forming the basis of the lawsuit. See 72 Supp. CJS Products Liability § 30 (1975); Restatement (Third)
of Torts § 15 (1998) (general tort law causation rule applies to cases involving products liability). "Strict liability
eliminates both privity and negligence, but it does not prove the plaintiff's case. The plaintiff must prove that he has been
injured or damaged by a defective product, and the mere possibility that this may have occurred is not enough." Carroll v.
Ford Motor Co., 462 S.W.2d 57, 61 (Tex. Civ. App.--Houston [14th Dist.] 1970, no writ); see also Turbines, Inc. v.
Dardis, 1 S.W.3d 726, 735 (Tex. App.--Amarillo 1999, pet. denied); Hernandez v. Nissan Motor Corp. in U.S.A., 740
S.W.2d 894, 895 (Tex. App.--El Paso 1987, writ denied). The testimony contained in Bishop's affidavit amounts to
nothing more than evidence of a mere possibility that the operation of the cruise control on ice could have caused the
accident in question.

The causation analysis in products liability cases follows the causation analysis in general tort law.

In order to recover in a products liability action, the defective product must be the actual and proximate cause of the injury .
. . .

The ordinary tort rules of causation are applicable in products liability cases, whether the basis of recovery is negligence or
strict liability. Recovery in any products liability action requires that the injury incurred must have been actually caused by
the defective condition of the product. . . . However, the defect need not be the sole cause, and it is sufficient that it be a
concurring or contributing cause, or, according to some authority, a substantial factor in bringing about the injury or
damage.

72 Supp. CJS Products Liability § 30 at 46-47.

In this case, Bishop's affidavit is the only evidence offered to show that the dangerous condition of the cruise control on his
new GMC caused it to go out of control and crash while his daughter was driving it. We hold that Bishop's opinion, alone,
does not amount to any evidence.

Testimony from the user of an alleged defective product about the circumstances of the event complained of has been held
sufficient to establish the product's alleged malfunction. See Sipes v. General Motors Corp., 946 S.W.2d 143, 155
(Tex.App.--Texarkana 1997, writ denied) (citing cases from courts in Iowa and Idaho, Wernimont v. International
Harvester Corp., 309 N.W.2d 137 (Iowa. Ct. App.1981); Garrett v. Nobles, 102 Idaho 369, 630 P.2d 656 (1981)). 
Accordingly, Bishop's own testimony, as a layman, would have been sufficient to raise a fact issue in this case if it had
indicated that, when the accident occurred, he observed some objective reason to believe that it was caused by the cruise
control. His only testimony was that the cruise control was on, and there was no other reason for the crash apparent to him. 
In this case, however, only an expert could rule out all other potential causes of the accident to a degree of probability
sufficient to allow the jury to rationally find that operation of the cruise control on the icy roads was a substantial factor in
causing the accident. We hold Bishop's testimony is not sufficient for the jury to reasonably infer that the operation of the
cruise control actually caused the accident--in whole or in part.

Evidence that the use of the cruise control actually caused the accident could have been offered through expert opinion. 
Expert testimony is necessary when the alleged negligence is of such a nature as not to be within the experience of the
layman. Roark v. Allen, 633 S.W.2d 804, 809 (Tex.1982) (diagnosing a skull fracture); Hager v. Romines, 913 S.W.2d
733, 734-35 (Tex.App.--Fort Worth 1995, no writ) (flying an airplane and aerially applying herbicide); Turbines, Inc. v.
Dardis, 1 S.W.3d 726, 738 (Tex. App.--Amarillo 1999, no pet.). We believe that the ability to diagnose the cause of an
unexplained vehicular accident is no more within the experience of the common man than is the diagnosis of a medical
condition.

While a lay witness is allowed to offer testimony regarding his opinion when it is rationally based on his perception and
helpful to a clear understanding of his own testimony or a fact in issue, we believe Bishop's testimony on this issue is
neither. Tex. R. Evid. Ann. 701 (Vernon Supp. 2001). Bishop's opinion that the cruise control caused the accident was
based on two things: the fact that the cruise control was on and the fact that the car went out of control for no apparent
reason. Unless Bishop could couple that information with some technical expertise related to causes of vehicular accidents,
we do not believe he could form a "rational" opinion regarding the cause of the accident. We hold that his opinion does not
raise a fact issue regarding the actual cause of the accident.

Finally, we recognize the line of cases holding that cause-in-fact in products liability cases may be shown by a rebuttable
presumption that a user would have read and heeded warnings about the product had they been given. Accord Magro v.
Ragsdale Bros., Inc., 721 S.W.2d 832, 834 (Tex. 1986). However, we believe that presumption cannot be substituted for
proof that the alleged dangerous condition of the product actually caused the injury forming the basis of the particular
lawsuit. Rather, that presumption supplies the causal link between a warning that was not given and the accident at issue in
the lawsuit.

That presumption would not supply the causal link, for example, in a suit where the consumer alleges that the manufacturer
failed to warn of a highly combustible gas tank when the actual accident at issue in the lawsuit involved a defective airbag. 
However, if the accident was, in fact, caused by combustion of the gas tank, the presumption would operate to show that
the failure to adequately warn of the defect, in part, caused the injuries in question. If the warning that the plaintiff alleges
was deficient does not pertain to the dangerous aspect of the vehicle which caused the accident, the presumption that the
consumer would have heeded the warning is not triggered. Accordingly, we hold that presumption does not supply
cause-in-fact in this case.

We affirm the trial court's grant of summary judgment.



J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 3rd day of May, 2001.

1. The owner's manual stated:

Notice; to held keep the vehicle under control, do not use the cruise control and particulary its resume feature under the
following conditions: . . . [o]n slippery roads such as those covered with snow and ice.