ACCEPTED
03-15-00243-CV
6170382
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/22/2015 10:17:26 AM
JEFFREY D. KYLE
CLERK

No. 03-15-00243-CV

# IN THE COURT OF APPEALS
## THIRD APPELLATE DISTRICT OF TEXAS
### AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/22/2015 10:17:26 AM
JEFFREY D. KYLE
Clerk

**KRISTIN LEE,**
Appellant

v.

**K&N MANAGMENT, INC. d\b\a RUDY'S COUNTRY STORE and BAR-B-Q**
Appellees

---

## ON APPEAL FROM
### THE 98th JUDICIAL DISTRICT COURT
### TRAVIS COUNTY, TEXAS
(Honorable Rhonda Hurley)

---

## APPELLANT'S BRIEF

---

Law Offices of Price Ainsworth, P.C.
Price Ainsworth
State Bar No. 00950300
3821 Juniper Trace, #210
Austin, Texas 78738
512-233-1111
512-472-9157 fax

ATTORNEY FOR APPELLANT
KRISTIN LEE

# IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties, as well as the names and address of all trial and appellate counsel.

| Plaintiffs/Appellants: | Counsel for the Freiheit: |
|---|---|
| Kristin Lee | Price Ainsworth<br>Law Offices Ainsworth, P.C.<br>3821 Juniper Trace, #210<br>Austin, Texas 78738 |
| Defendants/Appellees:<br><br>K&N Management d\b\a Rudy's<br>Country Store and Bar-B-Q | Counsel for K&N Management d\b\a Rudy's Country Store and Bar-B-Q:<br><br>Ethan Goodwin<br>Clark, Trevino & Associates<br>1701 Directors Boulevard, #920<br>Austin, Texas 78744 |

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL ........................................................... ii

TABLE OF CONTENTS ........................................................................................ iii

INDEX OF AUTHORITIES .................................................................................. iv

APPELLANTS' BRIEF........................................................................................... 1

STATEMENT OF THE CASE ............................................................................... 2

ISSUES PRESENTED IN THIS BRIEF................................................................ 2

STATEMENT OF THE FACTS ............................................................................ 2

SUMMARY OF THE ARGUMENT ..................................................................... 3

STANDARD OF REVIEW..................................................................................... 3

ARUGMEMENT AND AUTHORITIES................................................................ 4

    A.     Evidence presented to the Trial Court on both motions for summary judgment raised genuine issues of material fact .......................................... 4

    B.     Evidence Inferences Establish Constructive Knowledge of Defects............. 6

PRAYER.................................................................................................................. 7

CERTIFICATE OF SERVICE .............................................................................. 8

# INDEX OF AUTHORITIES

CASES          PAGE

*Huckebee v. Time Warner Entm't Co.* 19 S.W. 3d 413, 422 (Tex. 2000)
      19 S.W. 3d 413, 422 (Tex. 2000) ........................................................ 3

*Park Place Hosp. v. Estate of Milo*
      909 S.W. 2d 508, 510 (Tex. 1995) ........................................................ 3

*Timpte Indus. v. Gish*
      286 S.W. 3d 306, 310 (Tex. 2009) ........................................................ 3,4

*Ford Motor Co. v. Ridgeway*
      82 S.W. 3d 26, 29 (Tex. App. -- San Antonio 2002), *rev'd on other grounds,* 135   4
      S.W. 3d 598 (Tex. 2004) ........................................................

*Wyatt v. Furr's Supermarket, Inc.*
      908 S.W.2d 266, 268 (Tex. App. - El Paso 1995, no writ) (emphasis added) .............. 4

*Wal-Mart Stores, Inc. v. Gonzalez*
      (968 S.W.2d 934 - Tex. 1998) ........................................................ 5

No. 03-15-00243-CV

IN THE COURT OF APPEALS
THIRD APPELLATE DISTRICT OF TEXAS
AT AUSTIN

---

KRISTIN LEE,
Appellant

v.

K & N MANAGEMENT, INC. d\b\a RUDY'S COUTNRY STORE and BAR-
B-Q
Appellee

---

ON APPEAL FROM
THE 98th JUDICIAL DISTRICT COURT
TRAVIS COUNTY, TEXAS
(Honorable Rhonda Hurley)

---

APPELLANT'S BRIEF

---

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

Appellant Kristin Lee files this Brief of Appellant. The Clerk's Record will

be referenced to as "CR at [page #]."

1

## STATEMENT OF THE CASE

Appellant Kristin Lee was a business invitee on the premises owned and operated by Appellee K & N Management, Inc. doing business as Rudy's Country Store and Bar-B-Q (Rudy's). She alleges that she fell over shrubbery that extended over the entry way to the Rudy's restaurant. Appellant alleges that her fall was a proximate result of a negligently dangerous condition on the property. In the trial court, Appellee Rudy's filed an amended motion for summary judgment – including a "traditional" motion and a "no-evidence" motion which was granted on April 8, 2015. In essence, the motion asserted that the Appellee did not have constructive notice of a dangerous condition on the premises.

## ISSUE PRESENTED

**1.** Were genuine issues of material fact present at the time of the summary judgment hearing such that reasonable minds could differ regarding whether or not Appellee Rudy's had constructive notice of a dangerous condition on the premises.

## STATEMENT OF THE FACTS

On August 21, 2009, Appellant Kristin Lee was a customer on the premises owned and operated by Appellee K & N Management, Inc. d\b\a Rudy's Country Store and Bar-B-Q located at 2400 North IH-35, Round Rock, Texas 78681. Appellant Lee alleges that 1) she slipped on a landscaping bush which had fallen out of the curb planter area and onto the walkway located at the entrance of the restaurant; 2) the fall was a proximate result of the negligently dangerous condition

2

of the landscaping at the property; 3) P. S. Landscapes, Inc. had recently maintained the landscaping on the premises and negligently left the bush extending onto the walkway; and 4) Appellee K & N Management, Inc. negligently failed to maintain the parking lot, specifically the walkway, and its negligence was a proximate cause of the Appellant's injuries and damages.

Appellees filed their first amended no-evidence and traditional motion for summary judgment on February 23, 2015. Lee filed a response, and a hearing was held on April 2, 2015. The trial court granted the motion on April 8, 2015.

## SUMMARY OF THE ARGUMENT

Genuine issues of material fact were present at the time of the summary judgment hearings before the Trial Court such that reasonable minds could differ as to whether Appellee Rudy's had constructive notice of a dangerous condition on the premises.

## STANDARD OF REVIEW

As to a traditional motion for summary judgment, it is axiomatic that the trial court's duty at the summary judgment stage is not to weigh the evidence but to determine if a material question of fact exists.[1] The trial court must accept as true evidence favoring the plaintiff nonmovant, indulging every reasonable inference and resolving all doubts in plaintiff's favor.[2]

---

[1] *Huckebee v. Time Warner Entm't Co.*, 19 S.W. 3d 413, 422 (Tex. 2000)
[2] *Park Place Hosp. v. Estate of Milo*, 909 S.W. 2d 508, 510 (Tex. 1995) *Timpte Indus. v. Gish*, 286 S.W. 3d 306, 310 (Tex. 2009).

3

Tex. R. Civ. P. 166 a(i) states in the notes and comments thereto that, to defeat a no-evidence motion for summary judgment, the nonmovant "is not required to marshal its proof, its response need only point out evidence that raises a fact issue on the challenged elements." If the nonmovant presents more than a scintilla of evidence on the challenged elements, she is entitled to a trial on the merits.[3] In reviewing a no-evidence summary judgment, the appellate court must consider all of the evidence in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to the party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not.[4]

## ARGUMENTS & AUTHORITIES

**A.    Evidence presented to the Trial Court on both motions for summary judgment raised genuine issues of material fact.**

1. Constructive Knowledge Standard.

For a premises owner to have sufficient knowledge of a condition to be held liable for any injuries caused by the condition,

> The owner/operator must have put the foreign substance on the floor and knew that it was on the floor and negligently failed to remove it, or the substance must have been on the floor for so long it should have been discovered and removed in the exercise of ordinary care.[5]

---

[3] *Ford Motor Co. v. Ridgeway*, 82 S.W. 3d 26, 29 (Tex. App. -- San Antonio 2002), *rev'd on other grounds*, 135 S.W. 3d 598 (Tex. 2004).
[4] *Timpte Indus. v. Gish*, 286 S.W. 3d 306, 310 (Tex. 2009).
[5] *Wyatt v. Furr's Supermarket, Inc.*, 908 S.W.2d 266, 268 (Tex. App. - El Paso 1995, no writ) (emphasis added).

4

To establish constructive knowledge on the part of the premises owner, Lee must demonstrate that the hazard was (more likely than not) present for sufficient time for the defendant to have discovered and rectified it. "This rule, while harsh and demanding on plaintiffs, is nevertheless well established and plaintiffs must always discharge the burden of proving that the dangerous conditions was either known to the defendant or had existed for such a length of time that it should have known it."[6] Lee set forth in the trial court evidence demonstrating that Rudy's had constructive knowledge of a dangerous condition at the entryway to the restaurant.

2. Lee's Testimony.

Kristin Lee testified that after having one, small, strawberry margarita at dinner several hours earlier, she rode with her mom and brother to Rudy's for dessert.[7] Her mom pulled up to the walkway to the entrance at Rudy's, and Kristin Lee got out of the backseat.[8] Kristin Lee got out of the car, took a couple of steps, and fell.[9] She fell with her leg beneath her.[10] The fall resulted in her suffering a fractured ankle that had to be surgically repaired.[11] Eventually, a second surgery to remove implanted hardware was required.[12]

---

[6] *Wal-Mart Stores, Inc. v. Gonzalez*, (968 S.W.2d 934 - Tex. 1998).

[7] CR at p. 121 (Plaintiff's Response to Defendant K & N Management, Inc.'s Traditional and No-Evidence Motions for Summary Judgment Exhibit A – Kristin Lee depo. at pp. 26-29).

[8] *Id.* (Lee depo at p. 29).

[9] *Id.*

[10] *Id.* (Lee depo at p. 31).

[11] *Id.* at pp 122 (Lee depo at pp. 41-44).

[12] *Id.* at p. 123 (Lee depo at p. 49).

Appellant Kristin Lee testified that her mom (as evidenced by a letter written by her mother Mary Lee) eventually determined that Kristin Lee had tripped over a landscape bush that extended over the walkway to the restaurant.[13]

### 3. Witness' Testimony.

Mary Lee, Kristin Lee's mother, testified that Justin House (an eyewitness to the accident, a friend of the Lee family, and also an employee at Rudy's) told the family that Kristin Lee fell over a landscape bush that was laid over the side of the planter.[14] Mrs. Lee did not actually see where Kristin Lee stepped when she fell because Mrs. Lee was driving the stopped car.[15]

### 4. Rudy's employee's Testimony.

Justin House was an employee of Rudy's at the time of the incident.[16] He was about 25 feet from Kristin Lee when she fell.[17] He observed an obstacle, a plant, on the sidewalk.[18] The plant had overgrown onto the sidewalk.[19] The plant protruded out over the sidewalk.[20] When he went back to work in the next day or two, the plant had been removed.[21]

---

[13] *Id.* at pp. 124 (Lee depo at p. 59).
[14] C.R. at p. 131 (Plaintiff's Response to Defendant K & N Management, Inc.'s Traditional and No-Evidence Motions for Summary Judgment Exhibit B – Mary Lee depo. at pp. 33-34).
[15] *Id.* at pp. 130 (Mary Lee depo at p. 24).
[16] C.R. at p. 138 (Plaintiff's Response to Defendant K & N Management, Inc.'s Traditional and No-Evidence Motions for Summary Judgment Exhibit C – depo. of Justin House at p. 8).
[17] *Id.* at p. 139 (House depo at p. 12).
[18] *Id.* at p. 140 (House depo at p. 17).
[19] *Id.* at p. 141 (House depo at p. 18).
[20] *Id.* at p. 142 (House depo at p. 21).
[21] *Id.* at p. 144 (House depo at p. 28).

Mr. House testified that a landscaping company came out to the scene regularly (he said once a week).[22] He told the Lee family (he is a friend of Kristin's brother) that Kristin Lee fell over a plant.[23] He also gave a statement to the general manager at Rudy's that Kristin Lee fell over some bushes hanging over the sidewalk.[24] In Mr. House's opinion, the area looked safer after the plants were eliminated from hanging over the walkway, a main entrance to the restaurant.[25] He noticed that the plants had been cut back about one week or so later.[26]

Mr. House saw Kristin Lee step on a bush protruding over the sidewalk.[27] When asked whether the bush protruding over the sidewalk was a hazardous condition, Mr. House testified that "as a business owner, yes, I would take more precautions doing that."[28]

5. Written Discovery

In its responses to Interrogatories, Rudy's testified that the grounds were maintained on a weekly basis.[29] Rudy's is not sure how long the bush was on the ground before the accident.[30]

---

[22] *Id.* at p. 143 (House depo at p. 26).
[23] *Id.* at p. 145 (House depo at p. 39).
[24] *Id.* at pp. 146-150 (House depo at pp. 46-50).
[25] *Id.* at pp. 151-152 (House depo at pp. 51-52).
[26] *Id.* at p. 153 (House depo at p. 55).
[27] *Id.* at pp. 154-155 (House depo at pp. 59-60).
[28] *Id.* at p. 156 (House depo at p. 61).
[29] C.R. at p. 162 (Plaintiff's Response to Defendant K & N Management, Inc.'s Traditional and No-Evidence Motions for Summary Judgment Exhibit D – Rudy's Interrogatory answers at #4).
[30] *Id.*

## B. Evidentiary Inferences Establish Constructive Knowledge of Defects

The testimony delineated above suggests that the Appellent tripped over foliage that had been permitted to extend over a walkway that patrons would foreseeably be required to use to enter the restaurant. There is no suggestion that the bush "suddenly" grew over the walkway. Indeed, the reasonable inference is that the plants grew slowly over the entrance. Unlike the event where a fellow shopper spills soap on a grocery store floor immediately before the next customer slips in it, the hazard at issue must logically have existed for a considerable time before Ms. Lee fell. The bush was observed by a Rudy's employee as an obstacle as the event took place, the employee thought that the walkway looked safer when the bush was removed after the event, and the company had a procedure in place for periodically maintaining the landscaping. Genuine issues of material fact exist as to how long Rudy's knew or should of known of the hazardous condition on its premises.

## PRAYER

Wherefore, Appellant prays that this Court reverse the judgment of the Trial Court, and grant each and every request for relief set forth by Appellant, and for such other relief, at law and in equity, to which Appellant is entitled.

Respectfully submitted,

LAW OFFICES OF PRICE AINSWORTH, P.C.
3821 Juniper Trace, #210
Austin, Texas 78738
512-233-1111
512-472-9157 fax

By: _____
Price Ainsworth
State Bar No. 00950300

ATTORNEY FOR APPELLANT KRISTIN LEE

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word and contains 1644 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Tex. R. App. P. 9.4(i)(1).

_____
Price Ainsworth

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document has been served to the following counsel of record as indicated below on the 21st day of July 2015.

**VIA FACSIMILIE – 512-383-0503**
Ethan Goodwin
Clark, Trevino & Associates
1701 Directors Boulevard, #920
Austin, Texas 78744

_____
Price Ainsworth

# IN THE COURT OF APPEALS
# THIRD APPELLATE DISTRICT OF TEXAS
# AT AUSTIN

## KRISTIN LEE,
### Appellant

### v.

## K & N MANAGEMENT, INC. d\b\a RUDY'S COUTNRY STORE and BAR-B-Q
### Appellees

## ON APPEAL FROM
## THE 98th JUDICIAL DISTRICT COURT
## TRAVIS COUNTY, TEXAS
### (Honorable Rhonda Hurley)

## APPENDIX TO BRIEF OF APPELLANTS

A.    Final Summary Judgment signed on April 10, 2015

Cause No. D-1-GN-11-001839

| | | |
|---|---|---|
| KRISTIN LEE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| K & N MANAGEMENT, INC. D/B/A | § | |
| RUDY'S COUNTRY STORE AND BAR-B- | § | |
| Q; AND P. S. LANDSCAPES, INC. | § | 98TH JUDICIAL DISTRICT |

## FINAL SUMMARY JUDGMENT

On the 2nd day of April, 2015, the Court considered Defendant K & N Management, Inc. d/b/a Rudy's Country Store and Bar-B-Q's First Amended Traditional and No-Evidence Motion for Summary Judgment ("the Motion"). After considering the Motion, the summary judgment evidence, the Response filed by Plaintiff, and K & N Management, Inc. d/b/a Rudy's Country Store and Bar-B-Q's Objections and Reply, it is the opinion of the Court that Defendant K & N Management, Inc. d/b/a Rudy's Country Store and Bar-B-Q is entitled to judgment as a matter of law. It is, therefore,

ORDERED, ADJUDGED AND DECREED that Defendant K & N Management, Inc. d/b/a Rudy's Country Store and Bar-B-Q's First Amended Traditional and No-Evidence Motion for Summary Judgment before the Court is hereby GRANTED and that the Plaintiff take nothing against Defendant K & N Management, Inc. d/b/a Rudy's Country Store and Bar-B-Q. Costs of court are taxed against the Plaintiff for which execution shall be levied.

It is further ORDERED, ADJUDGED AND DECREED that Defendant K & N Management, Inc., d/b/a Rudy's County Store and Bar-B-Q's Objections to Plaintiff's summary judgment evidence are OVERRULED.

All such other relief sought by way of this action not specifically provided by this judgment is hereby denied.



Pg 1 of 3

SIGNED this 10th day of April _____, 2015.

_____

JUDGE PRESIDING


APROVED AS TO FORM:

**CLARK, TREVINO & ASSOCIATES**

BY: _____
ETHAN F. GOODWIN
TBN: 24064492
Mailing Address:
P.O. Box 258829
Oklahoma City, OK 73125-8829
Physical Address:
1701 Directors Boulevard, Suite 920
Austin, Texas 78744
Telephone: (512) 445-1580
Facsimile: (512) 383-0503
ethan.goodwin@farmersinsurance.com

ATTORNEYS FOR DEFENDANT K & N MANAGEMENT,
INC. D/B/A RUDY'S COUNTRY STORE AND BAR-B-Q


**LAW OFFICES OF PRICE AINSWORTH, P.C.**


BY: _____
PRICE AINSWORTH
TBN: 00950300
3821 Juniper Trace, #210
Telephone: (512) 233-1111
Facsimile: (512) 479-9157
price@ainsworth-law.com

ATTORNEY FOR PLAINTIFF KRISTIN LEE

Pg 2 of 3

SIGNED this _____ day of _____, 2015.

_____
JUDGE PRESIDING

APROVED AS TO FORM:

**CLARK, TREVINO & ASSOCIATES**

BY: _____
ETHAN F. GOODWIN
TBN: 24064492
Mailing Address:
P.O. Box 258829
Oklahoma City, OK 73125-8829
Physical Address:
1701 Directors Boulevard, Suite 920
Austin, Texas 78744
Telephone: (512) 445-1580
Facsimile: (512) 383-0503
ethan.goodwin@farmersinsurance.com

ATTORNEYS FOR DEFENDANT K & N MANAGEMENT,
INC. D/B/A RUDY'S COUNTRY STORE AND BAR-B-Q

**LAW OFFICES OF PRICE AINSWORTH, P.C.**

BY: _____
PRICE AINSWORTH
TBN: 00950300
3821 Juniper Trace, #210
Telephone: (512) 233-1111
Facsimile: (512) 479-9157
price@ainsworth-law.com

ATTORNEY FOR PLAINTIFF KRISTIN LEE

Pg 3 of 3