ACCEPTED
04-15-00005-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
6/24/2015 1:15:13 AM
KEITH HOTTLE
CLERK

NO. 04-15-00005-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
06/24/2015 1:15:13 AM
KEITH E. HOTTLE
Clerk

IN THE COURT OF APPEALS
FOURTH SUPREME JUDICIAL DISTRICT
SAN ANTONIO, TEXAS

_____

IN RE ESTATE OF JACK HIROMI IKENAGA, Sr., Deceased

_____

On Appeal from the Probate Court No. 1, Bexar County, Texas
Trial Court No. 2011-PC-4330 and 2011-PC-4330A
Hon. Polly Jackson Spencer, Judge Presiding

_____

**APPELLANT'S BRIEF**

_____

DAVID L. MCLANE
9901 IH-10 West
Ste. 695
San Antonio, Texas 78230
(210) 736-9966
(210) 547-7932 fax
dlmclanelaw@yahoo.com
State Bar No. 00795517

**ATTORNEY FOR
APPELLANT**

**ORAL ARGUMENT
REQUESTED**

Sandra Ikenaga's Appellant Brief       1

## IDENTITY OF PARTIES AND COUNSEL

In accordance with TEX. R. APP. P. 38.1(a), and for purposes of disqualification and/ or recusal of members of this Honorable Court, the following is a list of those parties involved in the instant cause:

1.       Hon. Polly Jackson Spencer, Judge, Probate Court  No. 1, Bexar County, Texas

2.       Hon. Tom Rickhoff, Judge, Probate Court No. 2, Bexar County, Texas

3.       Sandra Ikenaga, Plaintiff/ Appellant

4.       Jack Hiromi Ikenaga, Sr., Decedent

5.       Jack Hiromi Ikenaga, Jr., Defendant/ Appellee

6.       William D. Bailey, Temporary Administrator of the Estate of Jack Hiromi Ikenaga, Sr.

7.       Nancy Sumners,  Defendant/ Appellee

8.       Christine Ikenaga, Defendant/ Appellee

9.       Patrick Gasiorowski, Defendant/ Appellee

10.      Eric J. Goodman, Defendant/ Appellee

11.      ACCC Holding Corporation

12.      Mark Stanton Smith, SBN 18649100, Attorney for William D. Bailey 3737 Broadway Ave., San Antonio, Texas 78209  (210) 820-

3737

13.    William H. Ford SBN: 07246700 and Veronica S. Wolfe, SBN: 24066095, The Ford Firm, PC, Attorney for Defendant Jack Ikenaga, Jr., 10001 Reunion Place, Ste. 640., San Antonio, Texas 78216 (210) 731-6400

14.    Kevin M. Young, SBN 22199700, Shelayne Clemmer, SBN 24044733, Prichard Hawkins McFarland & Young, LLP, Attorney for Nancy Sumners, Christine Ikenaga, Patrick Gasiorowski, and Eric Goodman, Union Square, Ste. 600, 10101 Reunion Place, San Antonio, Texas 78216

15.    Mike Cenatiempo, Cenatiempo & Ditta, LLP, 770 S. Post Oak Lane, Suite 500, Houston, Texas 77056

16.    Roger L. McCleary, SBN 13393700, Joseph S. Cohen, SBN 04508370, Attorney at trial for ACCC Holding Corp., Bierne Maynard & Parsons, LLP, 1300 Post Oak Blvd., Fl. 25, Houston, Texas 77056

17.    Carolyn Lisa "Carrie" Douglas, SBN 24045800, Lauren McLaughlin, SBN 2405355, Strasburger & Price, LLP, Attorneys for Amegy Bank, The Bakery Building, 2301 Broadway, San Antonio, Texas 78215 (210) 250-6138

18.    Phillip M. Ross, SBN 17304200, Attorney for Sandra Ikenaga, 1006 Holbrook Road, San Antonio, Texas 78218

19.    Sam Houston, Houston Dunn, Attorney for Appellee, 440 Broadway Ste. 440, San Antonio, Texas 78209 (210) 326-2100

20.    David L. McLane, SBN 00795517, Attorney for Sandra Ikenaga, Appellant, 9901 IH-10 West, Ste. 695, San Antonio, Texas 78230 (210) 736-9966

21.    Roland C. Colton, Colton Law Group, Attorney for Plaintiff/ Appellant at trial, California Bar No. 79896, 28202 Cabot Road, Ste. 300, Laguna Niguel, CA 92677

22.    John A. Donsbach, Georgia Bar 225827, Appearing Pro Hac Vice for Jack Ikenaga, Jr., Donsbach & King, LLC, 504 Blackburn Drive, Augusta, Georgia 30907

23.    Jason Bradley Ostrom, SBN, 24027710, Ostrom Sain, LLP Attorney for Sandra Ikenaga, 5020 Montrose Blvd, Ste. 310, Houston,

Texas 77066 (713) 863-8891

24.     J. Ken Nunley, SBN: 15135600, Attorney for Jack Ikenaga, Jr., 1580 S. Main Street, 200, Boerne, Texas 78006 (830) 816-3333

25.     Alvaro Briseno, SBN: 03015250, Attorney for Sandra Ikenaga, 10205 Oasis Street, Ste. 320, San Antonio, Texas 78216 (210) 340-9575

26.     Keith Morris, SBN 24032879, Morris Klevenhagen, LLP, Attorney for Sandra Ikenaga, 6363 Woodway, Ste. 570, Houston, Texas 77057 (713) 515-4828

27.     Ross Bennet, Jr., Corporate Counsel, ACCC Corporation, 420 Lockhven Dr., Houston, Texas 77073

28.     Allen F. Cazier, SBN 04037500, Attorney for Jack Ikenaga Jr., 8626 Tesoro Dr., Ste. 500, San Antonio, Texas 78217 (210) 824-3278

29.     Michael L. Cook, SBN: 4741000, Attorney for Jack Ikenaga, Jr., Cook, Brooks, Johnson, PLLC, 7800 North Mopac, Ste. 215, Austin, Texas 78759 (512) 381-3000

## TABLE OF CONTENTS

**IDENTITY OF PARTIES AND COUNSEL**     2

**]TABLE OF CONTENTS**     4

**INDEX OF AUTHORITIES**     5

**STATEMENT OF THE CASE**     8

**ISSUE PRESENTED**     8

**STATEMENT OF FACTS**     8

**SUMMARY OF THE ARGUMENT**     10

**ARGUMENT**     12

**PRAYER**     29

# INDEX OF AUTHORITIES

## TEXAS CASES:

*Beyers v. Roberts,* 199 S.W.3d 354, 362, (Tex. App.-Houston [1st Dist.] 2006, pet. denied) …………………………………………………….13

*Boales v. Brighton Builders, Inc.*, 29 SW3d 159, 164 (Tex. App.- Houston [14th Dist.] 2000, pet. denied)…………………………………………..20

*Boerjan v. Rodriguez*, 436 SW3d 307, 310 (Tex. 2014)…………...…..20, 22

*City of Arlington v. State Farm Lloyds,* 145 SW3d 165m 167-168 (Tex. 2004)…………………………………………………………………27

*City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 677 (Tex. 1979)…………………………………………………………………..12

*Clanin v. Clanin,* 918 S.W.2d 673, 678 (Tex. App.-Fort Worth 1996, no writ)…………………………………………………………………12

*Donzis v. McLaughlin,* 981 S.W.2d 58, 63 (Tex. App.-San Antonio 1998, no pet.)…………………………………………………………………12

*Dow Chemical Co. v. Francis*, 46 SW3d 237, 242 (Tex. 2001)…………20

*Esco Oil & Gas v. Sooner Pipe & Supply*, 962 SW2d 193, 197 n.3 (Tex. App.- Houston [1st Dist.] 1998, pet. denied)……………………………..19

*Forbes, Inc. v. Grenada Biosciences, Inc.*, 124 SW3d 167, 172 (Tex. 2003)…………………………………………………………………20

*Ford Motor Co. v Ridgeway*, 135 SW3d 598, 601 (Tex. 2004)…………..21

*Friendswood Dev. Co. v. McDade & Co.* , 926 SW2d 280, 282 (Tex. 1996)…………………………………………………………....23

*In re Marriage of Ames,* 860 S.W.2d 590, 592-93 (Tex. App.-Amarillo 1993, no writ)…………………………………………………………………..13

*Keim v. Anderson,* 943 S.W.2d 938, 946 (Tex. App.-El Paso 1997, no pet.)…………………………………………………………………...13

*Kindred v. Con/Chem, Inc.*, 650 SW2d 61, 63 (Tex. 1983)………………..21

*Lehrer v. Zwernemann*, 14 SW3d 775, 777 (Tex. App.- Houston [1st Dist.] 2000, pet. denied)…………………………………………………………..20

*Mantas v. Fifth Court of Appeals,* 925 S.W.2d 656, 658 (Tex. 1996) (orig. proceeding) (per curiam)……………………………………………………..12

*Marsaglia v UTEP*, 22 SW3d 1, 3 (Tex. App.- El Paso 1999, pet denied)…………………………………………………………………19, 20

*Matthews v. Looney,* 132 Tex. 313, 123 S.W.2d 871, 872 (Tex. 1939)…..12

*McConathy v McConathy*, 869 SW2d 341 (Tex. 1994)…………………...27

*McLendon v. McLendon,* 847 S.W.2d 601, 605 (Tex. App.-Dallas 1992, writ denied)…………………………………………………………………..12

*Merrell Dow Pharmaceuticals v Havner*, 953 SW2d 706, 711 (Tex. 1997)……………………………………………………………………..21

*Merriman v XTO Energy, Inc.*, 407 SW3d 244, 248 (Tex. 2013)…………19

*Mid-Century Ins. v. Ademaj*, 243 SW3d 618, 621 (Tex. 2007)…………….22

*Padilla v. LaFrance,* 907 S.W.2d 454, 461-62 (Tex. 1995)………………12

*Prayton v. Ford Motor Co.*, 97 SW3d 237, 241 (Tex. App.- Houston [14th Dist.] 2002, no pet.)………………………………………………………..20

*Ridgeway v Ford Mortor Co.*, 82 SW3d 26, 29 (Tex. App.- San Antonio 2002) *rev'd other grounds* 135 SW3d 598 (Tex. 2004)…………………..21

*Saenz v. Southern Union Gas Co.*, 999 SW2d 490, 493 (Tex. App.- El Paso 1999, pet. denied)……………………………………………………………20

*Science Spectrum Inc. v. Martinez*, 941, SW2d 910, 911 (Tex. 1997)…...23

*Timpte Indus. V. Gish*, 286 SW3d 306, 310 (Tex. 2009)…………………22

*Vickrey v. Am. Youth Camps, Inc.,* 532 S.W.2d 292, 293 (Tex. 1976) (per curiam)……………………………………………………………….12

*Webster v. Allstate Insurance*, 833 SW3d 747, 750 (Tex. App.- Houston [1st Dist.] 1992, no writ)……………………………………………….22

## STATUTES AND RULES:

U.S. Const. Amend. 5……………………………………….          18

U.S. Const. Amend. 14…..………………….…………………….          18

Tex. Const. Art. 1§13……………………...………………..          18

Tex. Const. Art. 1§19………………………………………..          18

TEX. R. CIV. P. 11……………………………………….          12

TEX. R. CIV. P. 166a…………..……………………………          24

TEX. R. CIV. P.  166a(f)…….....…………………………..          21, 27

TEX. R. CIV. P.. 166a (g)……………………………………          21

TEX. R. CIV. P. 166a (i)..........................................................          19, 20

## STATEMENT OF THE CASE

This cause was heard on a Partial Motion for Summary Judgment and a No Evidence Motion for Summary Judgment to the bench before the Honorable Polly Jackson Spencer who granted said motions. Subsequently, Appellant and Defendants entered into a settlement agreement, which was read into the record of the Court on October 7, 2014 and signed by Judge Polly Jackson Spencer on December 5, 2014. Appellant presents the following point of error for review.

## ISSUE PRESENTED

1.  Whether the Trial Court's Judgment failed to strictly follow the Settlement Agreement of the parties as required by law.

2.  Whether there is sufficient evidence to support the Final Judgment.

3.  Whether the Court committed error by failing to consider evidence properly before the Court in the hearing on Defendant's Motion for Summary Judgment.

## STATEMENT OF FACTS

The Decedent, Jack Hiromi Ikenaga, Sr., died on September 30, 2011 and his Will dated August 16, 1993 was admitted to Probate by Jack Ikenaga, Jr. in the Probate Court No. 2, Bexar County, Texas before the Hon. Thomas Rickhoff. Subsequently, when it appeared that Appellant

would take substantially all of the estate under the Will, Jack Ikenaga, Jr. changed his position to contest the Will previously sworn to before the Court. The matter was transferred to Probate Court No. 1, Bexar County, Texas, before the Hon. Polly Jackson Spencer. The Court held a hearing on a hybrid motion for Summary Judgment on September 17, 2014, filed by Defendants Jack Ikenaga, Jr., Christine Ikenaga, Eric Goodman, Nancy Sumners,and Patrick Gasiorowski, wherein the Court sustained Defendant's objections to Sandra Ikenaga's response to the Traditional Motion for Summary Judgment and No Evidence Motion for Summary Judgment on the basis that the response failed to include a supporting affidavit of authenticity of the documents attached to said response, although the documents referenced in Sandra Ikenaga's response were those same documents attached to Defendant's motions. Afterward the Court did not consider the evidence attached to Sandra Ikenaga's response and granted Defendant's Motion for Summary Judgment, (RR- Vol. 13 p91, ln 7-13) as recited in the record (See CR- pp 4611-4618). Subsequently, the parties, through a prolonged mediation, entered into a purported settlement agreement. The Settlement Agreement was read into the record on October 7, 2014 and the Court Rendered Judgment in accordance with the recited Settlement Agreement. See RR- Vol. 15, p 25, ln 24-25. Subsequently, the parties

could not agree on the form and substance of the Final Judgment and the Defendant's moved for entry of the judgment on December 5, 2014. The Court signed the Final Judgment on December 5, 2015, which does not comport with the Settlement Agreement and exceeds the Settlement Agreement between the parties. Sandra Ikenaga, plaintiff in the underlying litigation regarding this estate, subsequently timely filed this appeal.

## SUMMARY OF THE ARGUMENT

The Final Judgment of the Court does not strictly follow the Settlement Agreement of the Parties as read into the record on October 7, 2014, and entered rulings not agreed upon by the parties as to the pleadings on file, as well as distributions of property not agreed to by the parties and to the detriment of Appellant. The Final Judgment is required to strictly conform to the terms of the agreement. Additionally, as no evidence was adduced at the hearing wherein the settlement agreement was read into the record, there was no evidence admitted to support the additional terms of the Final Judgment not contained in the dictated settlement agreement. The Defendants misrepresented the settlement agreement in the Final Judgment.

Additionally, the Settlement Agreement entered into by the parties would not likely have been agreed to by Appellant but for the Court's error in sustaining Defendant's objections to Appellant's summary judgment evidence. Defendant's

objected that Appellant's evidence was not supported by and Affidavit of Authenticity as to the documents attached thereto, although Appellant's counsel argued that the evidence complained of was attached to Defendants' Motion for Summary Judgment and should be considered. The Court sustained the objection (RR Vol. 13, p 91 ln 7-23) and did not consider Appellant's summary judgment evidence produced in response to the Defendants' traditional motion for partial summary judgment and the no evidence motion for summary judgment. The trial Court granted Defendant's Motion, essentially dismissing almost all of Appellant's causes of action. (CR- Vol. 7- p 4611-4618). Appellant contends that the Court erred in sustaining the objection and not considering the evidence attached because the affidavit of Authenticity was not required to support the evidence provided in support of the response to the motions for summary judgment in that the Defendants, through their own motion, had tendered the evidence to the Court. Additionally, the evidence tendered in the form of affidavits had been filed multiple times throughout the course of the litigation, without objection, and had been admitted and reviewed by the Court. Under the law of the case, the evidence was admissible and should have been considered.

# ARGUMENT

**POINT OF ERROR NO. 1 AND 2: The Trial Court's Judgment failed to strictly follow the Settlement Agreement of the parties as required by law. There is insufficient evidence to support the Trial Court's Final Judgment.**

A settlement agreement between parties is enforceable if it is written and filed as part of the record or if it is recited in open court. TEX. R. CIV. P. 11. These agreements are binding on the parties. *McLendon v. McLendon,* 847 S.W.2d 601, 605 (Tex. App.-Dallas 1992, writ denied) (citing *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 677 (Tex. 1979)). A final judgment rendered upon a settlement agreement must be in strict and literal compliance with the agreement. *Vickrey v. Am. Youth Camps, Inc.,* 532 S.W.2d 292, 293 (Tex. 1976) (per curiam); *Donzis v. McLaughlin,* 981 S.W.2d 58, 63 (Tex. App.-San Antonio 1998, no pet.); *see Matthews v. Looney,* 132 Tex. 313, 123 S.W.2d 871, 872 (Tex. 1939). If the terms of the trial court's judgment conflict with the terms of the settlement agreement, the judgment is unenforceable. *Clanin v. Clanin,* 918 S.W.2d 673, 678 (Tex. App.-Fort Worth 1996, no writ). A court "cannot render a valid agreed judgment absent consent at the time it is rendered." *Padilla v. LaFrance,* 907 S.W.2d 454, 461-62 (Tex. 1995); *see Mantas v. Fifth Court of Appeals,* 925

S.W.2d 656, 658 (Tex. 1996) (orig. proceeding) (per curiam). As a general rule, a court's modifications to settlement agreements are grounds for reversal where the modifications "add terms, significantly alter the original terms, or undermine the intent of the parties." *Beyers v. Roberts,* 199 S.W.3d 354, 362, (Tex. App.-Houston [1st Dist.] 2006, pet. denied) (citing *Keim v. Anderson,* 943 S.W.2d 938, 946 (Tex. App.-El Paso 1997, no pet.); *In re Marriage of Ames,* 860 S.W.2d 590, 592-93 (Tex. App.-Amarillo 1993, no writ)).

The Trial Court erred in signing the Final Judgment specifically with regard to the parties agreements regarding (1) the validity of the decedent's Will; (2) withdrawal of Sandra Ikenaga's objections to ACCC Holding Corporation (hereinafter referred to AHC) claim of $489060.87, and Christine Ikenaga's claims; (3) the lack of indemnification of Sandra Ikenaga by the Estate or any Defendant; and (4) the distribution of property to Sandra Ikenaga.

1. Validity of the Will

The settlement agreement read into the record states "All parties will stipulate and agree that any alleged will of Jack Ikenaga, Sr. is null and void and of no effect. (RR- Vol. 15 p5 ln 13-15). "And this agreement and release will also take care of any and all purported trusts and any

issues arising therefrom." (RR- Vol. 15 p5 ln 16-18). However, the Final Judgment instead states that "The Court **finds that neither the "1993 Will" nor the "1993 Trust" are valid testamentary documents and further finds that no party is aware of any unrevoked will or trust that Decedent may have executed**. Therefore the Court Orders that each party (i) shall refrain forever from directly or indirectly seeking to have the 1993 Will or any other will or purported Will of the Decedent admitted to probate by any court in any jurisdiction whatsoever; (ii) shall never use, represent or rely upon the 1993 Will or 1993 Trust as evidence of any title to any interest such party may claim in the Estate of Estate Property, (iii) shall never claim title to any of the Decedent's property benefits, insurance, contacts or other rights SAVE AND EXCEPT as provided by this Final Judgment." There is no evidence in the record to support the Court's findings with regard to the Will or Trust documents referenced therein. The agreement of the parties was exceeded by the Court's orders regarding the validity of the Will, as well as the orders regarding the parties treatment of the Will. The intent of the parties seems clear as to abandon their pleadings regarding the probate of the Will and to proceed through the rules of intestacy as to the distribution of the Estate. The Court exceeded the agreement of the parties as read into

the record. The Final Judgment does not strictly comply with the agreement of the parties and reaches legal conclusions and makes findings unsupported by the record. The Defendants promulgation of the proposed Order to the Court (See RR- Vol. 17) misrepresents to the Court that the proposed Final Judgment strictly and accurately represents the Settlement Agreement read into the record. It does not, and therefore fails. Because of this, the Court of Appeals must remand the case back to the Trial Court for entry of a proper Judgment.

2. <u>Withdrawal of Sandra Ikenaga's objections to ACCC Holding Corporation (hereinafter referred to AHC) claim of $489,060.87, and Christine Ikenaga's claims</u>

    The Settlement agreement between the parties read into the record states that Sandra Ikenaga "will withdraw objection and opposition to AHC's claim against the estate for approximately… $489,060.82 within 14 days of today's date. Plaintiff will withdraw objection to Christine Ikenaga's claim against the estate for approximately $200,000.00 within 14 days of today's date." RR Vol. 15 p5 ln 23 to p6 ln8. However the Final Judgment states " the court finds that Sandra's objection to AHC's claim against the Estate in the amount of $489,060.82 ("AHC's Claim) and her objection to Christine Ikenaga's

claim against the Estate in the amount of $200,000.00 ("Christine's Claim") **are hereby overruled** to the extent not already withdrawn by Sandra." Again, there is no basis for the Court's overruling of the objections to said claims, and it was not the agreement of the parties that the objections be overruled, but instead that the objections be withdrawn. The Court would have to have had the objections presented to the Court in order to overrule same, and the record does not support that the Court in fact overruled said objections. The Final Judgment does not strictly comply with the agreement of the parties and reaches legal conclusions and makes findings unsupported by the record. The Defendants promulgation of the proposed Order to the Court (See RR- Vol. 17) misrepresents to the Court that the proposed Final Judgment strictly and accurately represents the Settlement Agreement read into the record. It does not, and therefore fails. Because of this, the Court of Appeals must remand the case back to the Trial Court for entry of a proper Judgment.

3. Indemnification of Sandra Ikenaga

The Final Judgment does not contain any language that indemnifies Sandra Ikenaga by the Defendants. (CR Vol. 7 p 4681). The Settlement agreement between the parties states that parties would indemnify each other pursuant to the settlement agreement. (RR Vol. 15 p 21, ln 7-10)

However, the Final Judgment merely has the defendant's being indemnified by Sandra Ikenaga without any reciprocal indemnification by the Defendants to Sandra Ikenaga. The Final Judgment does not strictly comply with the agreement of the parties and fails to include material and substantial agreements made by the parties supported by the record. The Defendants promulgation of the proposed Order to the Court (See RR- Vol. 17) misrepresents to the Court that the proposed Final Judgment strictly and accurately represents the Settlement Agreement read into the record. It does not, and therefore fails. Because of this, the Court of Appeals must remand the case back to the Trial Court for entry of a proper Judgment.

4. Distribution of Property to Sandra Ikenaga

In the Settlement Agreement read into the record, Sandra Ikenaga agreed to turnover one (singular) Lexus automobile to AHC (RR Vol 15 p8 ln 5-7). All clarifications regarding the Settlement Agreement were resolved on the record to the Court. RR Vol. 15 p 22, ln 13-17. However, the Final Judgment orders Sandra Ikenaga to deliver a 2007 Lexus VIN JTH6F746F07002870 and a 2010 Lexus VIN JTHLL1EF2A5041600 to AHC. CR Vol. 7 p. 4679. Additionally the Settlement Agreement states "she will maintain the personal property in her possession except for those

items we've already identified in Exhibit A." RR Vol. 15 p. 7 ln 21-23. Furthermore, the testimony of Sandra Ikenaga in her deposition transcript (CR Vol. 4 p 2504 (transcript page 481 line6-14), which is not refuted by any evidence to the contrary, clearly shows that she is claiming a Lexus motor vehicle as her own personal property and not that of the Estate. The divestment of Sandra Ikenaga's personal property, specifically a 2010 Lexus automobile with approximately 5400 miles, through the misrepresentations contained in the Final Judgment as to the Settlement Agreement between the parties acts as an injustice to Sandra Ikenaga, and is not supported by evidence in the record, is not supported by sufficient evidence in the record, does not strictly comply with the Settlement Agreement, and amounts to a lack of due process and due course of law under the 5[th] and 14[th] Amendments to the United States Constitution and Art. I, §§ 13 and 19 of the Texas Constitution. The Final Judgment does not strictly comply with the agreement of the parties and reaches legal conclusions and makes findings unsupported by the record. The Defendants promulgation of the proposed Order to the Court (See RR- Vol. 17) misrepresents to the Court that the proposed Final Judgment strictly and accurately represents the Settlement Agreement read into the record. It does not, and therefore fails. Because of this, the Court of Appeals must remand the case back to the Trial

Court for entry of a proper Judgment.

4. **POINT OF ERROR NO. 3: The Court committed error by failing to consider evidence properly before the Court in the hearing on Defendant's Motion for Summary Judgment.**

The Appellant was the non-movant for the partial Motion for Summary Judgment and No-Evidence Motion for Summary Judgment in the underlying cause. The movant in a traditional motion for summary judgment bears the burden of proving that there is no genuine issue as to any material fact as to each element of its cause of action or defense, or that there is no genuine issue as to any material fact in at least one element of the nonmovant's affirmative defense or the nonmovants cause of action. The non-movant has the entire burden of proof once the movant files a no-evidence motion. Tex. R. Civ. Pro. 166a(i). The burden of proof in a summary judgment proceeding is on the same party who would have the burden of proof at trial. *Marsaglia v UTEP*, 22 SW3d 1, 3 (Tex. App.- El Paso 1999, pet denied); *Esco Oil & Gas v. Sooner Pipe & Supply*, 962 SW2d 193, 197 n.3 (Tex. App.- Houston [1st Dist.] 1998, pet. denied). The burden on the nonmovant is to raise a genuine issue of material fact about the element challenged by the motion for summary judgment. Tex. R. Civ. Pro. 166a(i). *Merriman v XTO Energy, Inc.*, 407 SW3d 244, 248 (Tex.

2013); *Dow Chemical Co. v. Francis*, 46 SW3d 237, 242 (Tex. 2001); *Prayton v. Ford Motor Co.*, 97 SW3d 237, 241 (Tex. App.- Houston [14th Dist.] 2002, no pet.)  The trial court must resolve all doubts about the facts in favor of the nonmovant.  *Lehrer v. Zwernemann*, 14 SW3d 775, 777 (Tex. App.- Houston [1st Dist.] 2000, pet. denied).

To defeat a no-evidence motion for summary judgment, the non-movant must prove there is a genuine issue of material fact on the elements challenged by the movant.  *Boerjan v. Rodriguez*, 436 SW3d 307, 310 (Tex. 2014).   The Notes and Comments section of TRCP 166a(i) state that to defeat a no-evidence motion, the nonmovant "is no required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements."  *Saenz v. Southern Union Gas Co.*, 999 SW2d 490, 493 (Tex. App.- El Paso 1999, pet. denied).   The nonmovant should present summary judgment evidence in the same form that would be admissible at trial.  To defeat a no-evidence motion for summary judgment, the non-movant must produce more than a scintilla of evidence to raise a genuine issue of material fact on the challenged elements.  TRCP 166a(i). *Forbes, Inc. v. Grenada Biosciences, Inc.*, 124 SW3d 167, 172 (Tex. 2003); *Boales v. Brighton Builders, Inc.*, 29 SW3d 159, 164 (Tex. App.- Houston [14th Dist.] 2000, pet. denied).   If the nonmovant presents more than a

scintilla of evidence of the challenged elements, it is entitled to a trial on the merits. *Ridgeway v Ford Mortor Co.*, 82 SW3d 26, 29 (Tex. App.- San Antonio 2002) *rev'd other grounds* 135 SW3d 598 (Tex. 2004). A nonmovant produces more than a scintilla when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Ford Motor Co. v Ridgeway*, 135 SW3d 598, 601 (Tex. 2004). *Marsaglia v. Utep*, 22 SW3d at 4; cf. *Merrell Dow Pharmaceuticals v Havner*, 953 SW2d 706, 711 (Tex. 1997). A nonmovant produces no more than a scintilla when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Forbes, Inc.* 124 SW3d at 172; *Marsaglia*, 22 SW3d at 4; *cf. Kindred v. Con/Chem, Inc.*, 650 SW2d 61, 63 (Tex. 1983).

The Court should give the nonmovant the opportunity to cure any defects in its summary judgment evidence identified by the movant in its reply. Tex. R. Civ. Pro. 166a(f). A party should be given opportunity to cure defects in form of affidavits and attachments.) See also, Tex. R. Civ. Pro. 166a(g) (a court may deny summary judgment or grant continuance to allow nonmovant to obtain affidavit or deposition testimony necessary to support its claims). The opportunity to cure in TRCP 166a(f) should apply to the nonmovant in a no-evidence motion for summary judgment, because

if the Court rules adversely to the party with the burden of proof, the nonmovant in a no-evidence motion for summary judgment, it is fatal to the nonmovants case. See, *Webster v Allstate Insurance*, 833 SW3d 747, 750 (Tex. App.- Houston [1st Dist.] 1992, no writ), stating trial court should not have sustained objections to a party's evidence on day of hearing without giving party chance to amend.

A traditional motion for summary judgment is reviewed on appeal de novo. *Mid-Century Ins. v. Ademaj*, 243 SW3d 618, 621 (Tex. 2007). In reviewing a no-evidence motion for summary judgment, the appellate court must consider all the evidence in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party of reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Boerjan,* 436 SW3d at 311-312; *Timpte Indus. V. Gish*, 286 SW3d 306, 310 (Tex. 2009).

In the case at bar, the Defendants moved for a partial tradition motion for summary judgment on their counter-claims for declaratory relief contending that Decedent's stock in AHC remained his separate property and that Sandra Ikenaga, Appellant, never acquired any interest therein. Defendants further moved for summary judgment on their affirmative defense of statute of limitations. Appellant responded that the alleged

transfers of the stock to the Defendants was null and void and of no legal effect, and provided summary judgment evidence to support same in the form of deposition transcripts of Eric Goodman, Christine Ikenaga, and Nancy Sumner, and incorporated by reference the Defendants' exhibits and evidence attached to Defendants'/ Movants' Motion for Partial Summary Judgment, the Deposition transcript of Sandra Ikenaga, Vol.1, the affidavit of Jack Ikenaga, Jr. with the attached Sales and Purchase Agreement for Shares of Captial Stock, the Sharholder's Agreement attached to the Affidavit of Ross Bennet, and the Affidavit of Philip Bither. The non-movant's summary judgment evidence raised genuine issues of material fact as to the legitimacy of the transfer of the stock in question to the Defendant's by the Decedent, the Texas residency of the Decedent at the time the Stock was obtained, and whether the transfer of the stock, if legitimate was a fraud on the community, whether under either Texas or Georgia law. CR Vol. 4 p 2578 to 2589. The Court was to take as true all evidence favorable to the non-movant to indulge every reasonable inference and resolve any doubts in non-movant's favor. *Science Spectrum Inc. v. Martinez*, 941, SW2d 910, 911 (Tex. 1997); *Friendswood Dev. Co. v. McDade & Co.* , 926 SW2d 280, 282 (Tex. 1996). The Court additionally erred in permitting the testimony of John Donsbach, an attorney from

Georgia, who essentially testified as an expert at the hearing on the motion for summary judgment regarding the applicability of Georgia Law and that the stock in question was the Separate property of Decedent, (RR- Vol. 13, p 41, ln 24 to page 50 ln 4) in that no testimony is permitted in a motion for summary judgment. Tex. R. Civ. Pro. 166a. The non-movant raised a genuine issue of material fact as to whether the discovery rule applied to the statute of limitations defense and further negated the elements of the statute of limitations defense by producing evidence that the nature and transfer of the Decedent's stock made the basis of the motion had in fact been fraudulently transferred during the pendency of this litigation, thereby supporting nonmovants causes of action well within any statute of limitations.

The Defendants' No-Evidence Motion for Summary Judgment asserted there was no evidence that Defendants (1) defrauded the community; (2) participated in a conspiracy to defraud the community;(3) were unjustly enriched; (4) hold monies that belong to Sandra Ikenaga; or (5) engaged in fraudulent transfers of any type. The summary judgment evidence provided in response to the partial summary judgment as well as the no-evidence motion for summary judgment provide more than a scintilla of evidence that Defendants' fraudulently executed counterparts required by

the shareholder agreement during the course of the litigation in order to fraudulently confer ownership of the stock allegedly transferred by Decedent to Defendants, thereby clearly demonstrating a conspiracy to defraud the community, actually defraud the community, and engage in fraudulent transfers of estate and community property. See CR Vol. 4 pg 2579 to 2593. It is important for the Court to note that at the time the Motions for Summary Judgment were proffered, the Will of Jack Hiromi Ikenaga, Sr. had still been sworn to as authentic by Jack Ikenaga, Jr. and had not been withdrawn. Had the Court determined that the transfer to the children was non-existent or in the alternative fraudulent, and set aside said transfer, the resulting stock of decedent would have been subject to testamentary transfer to appellant, or in the alternative, subject to distribution under the rules of intestacy to which appellant would have shared, thereby resulting in a benefit of millions of dollars to Appellant. It is clear that there was more than a scintilla of evidence that the stock transfers were conducted fraudulently. As such, the elements of unjust enrichment are also supported. The cause of action for money had and received stems from the sale of the stock fraudulently transferred to Defendants, thereby making the monetary sales proceeds subject to the money had money received cause of action, and similarly substantiated by more than a scintilla of evidence in the

summary judgment evidence adduced by Appellant and tendered to the Court. The summary judgment evidence clearly shows that there had been a fraudulent transfer of the stock both before decedents death, as well as after, and more importantly, during the course of the underlying litigation, that supports appellant's cause of action under the Texas Uniform Fraudulent Transfer Act. Additionally, nonmovant produced evidence that the

Defendants objected to Plaintiff's Pleadings as to the Discovery Rule, as well as Plaintiffs' evidence in that it failed to contain a supporting affidavit for the documents attached to Plaintiff's response to the no-evidence motion for summary judgment, and that the response to the no-evidence motion for summary judgment was untimely and outside the scope of the pleadings. RR Vol 13 p 3 ln 4 to p 4 ln 8. There were no written objections made before the hearing and the objections were raised orally at the time of the hearing. RR Vol 13 p3 ln 4. The appellant's first notice that there were alleged defects in her response were on the day of the hearing on Defendants' partial motion for summary judgment and no-evidence motion for summary judgment. Sandra Ikenaga's counsel requested that the court accept evidence it produced in response to the no-evidence motion for summary judgment to cure alleged defects in the response to the partial motion for summary judgment in order to remediate some of the defects in

the response. Under Texas Rule of Civil Procedure 166a(f) the Court should have given the nonmovant, appellant, the opportunity to cure any defects in its summary judgment evidence identified by the movant in its reply, especially given that none of the objections to nonmovants evidence or pleadings were in writing or provided to nonmovant prior to the actual hearing on the motions for summary judgment. Instead, the Court sustained the defendant objections, found nonmovants pleadings as to the discovery rule to be defective, and sustained the defendants objection that non-movants summary judgment evidence was inadmissible due to the failure to provide an affidavit authenticating the documents, despite nonmovant's protestations that the evidence did not need an affidavit to be authenticated in that it was evidence propounded by the Defendants in support of their motion. The failure of the Trial Court to provide an opportunity to cure was fatal to non-movants case. CR Vol. 7 pp 4611to 4618.

The disturbing part of the Court's ruling is that the vast majority of the defendant's summary judgment evidence was in the form of deposition excerpts. When relying on deposition excerpts, it is not necessary to authenticate them. *McConathy v McConathy*, 869 SW2d 341 (Tex. 1994). Further, since Defendants' no-evidence motion alleged a complete lack of evidence, specific references to the record are not necessary. *City of*

*Arlington v State Farm Lloyds,* 145 SW3d 165m 167-168 (Tex. 2004). The remainder of the evidence, with the exception of an email, was produced by Defendants through the affidavits attached to their motion for summary judgment. These affidavits and the documents attached to them regarding the sale of the stock in question should have been admitted and considered by the Court and any doubts resolved in favor of the nonmovant. The Court erred in sustaining the Defendant's objection to nonmovant's summary judgment evidence, and should have overruled same, admitted the evidence and concluded that a genuine issue of material fact existed as to each of non-movants causes of action and denied the motions for summary judgement. In the alternative, at the very least, the court should have denied the motion or continued the matter in order to provide nonmovant an opportunity to cure the alleged defects. This would have had no prejudice on the movant. Conversly, the trial Court's failure to provide an opportunity to cure the alleged defects proved fatal to nonmovant's case, thereby forcing nonmovant into a vastly inferior position in this litigation, and forcing her to settle this matter for millions of dollars less than what should have been awarded through this estate. Due to these errors, and in the interest of justice, the Court of Appeals should reverse and remand this cause back to the trial court for further proceedings.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays this Honorable Court sustain the points of error enumerated above and reverse the Final Judgment of the trial Court and remand for a new trial, as well as all such other and further relief, at law or in equity, to which Appellant may show herself to be justly entitled.

RESPECTFULLY SUBMITTED,

THE MCLANE LAW FIRM
The Colonnade
9901 IH-10 West, Ste.695
San Antonio, Texas 78230
Email: dlmclanelaw@yahoo.com
Telephone: (210) 736-9966
Facsimile: (210) 547-7932


By:_/s/ David L. McLane_____
 DAVID L. MCLANE
 State Bar No.: 00795517
 ATTORNEY FOR APPELLANT
 Sandra Ikenaga

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4 (i)(3), the undersigned counsel hereby certifies that the Petition for Discretionary Review in the above styled and numbered cause is in compliance with said rules and has 4622 words included as set forth in TRAP Rule 9.4(i)(1).

SIGNED this 24th day of June, 2015.


/s/  David L. McLane
DAVID L. MCLANE


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Appellant's Brief was delivered in accordance with the Texas Rules of Appellate Procedure, on the 24th day of June, 2015, on the following:

PHILIP M. ROSS
1006 Holbrook Road
San Antonio, Texas 78218
philipmross@hotmail.com

MICHAEL J. CENATIEMPO
770 South Post Oak Lane, Ste. 500
Houston, Texas 77056
mikecen@cenatiempo.com


JOSEPH S. COHEN
1300 Post Oak Boulevard, Ste. 2500
Houston, Texas 77056
jcohen@bmpllp.com

MARK STANTON SMITH
3737 Broadway, Ste. 310
San Antonio, Texas 78209
atysmith@heardandsmith.com


WILLIAM H. FORD
10000 Reunion Place, Ste. 640
San Antonio, Texas 78216
bill.ford@fordmurray.com


KEVIN M. YOUNG
10101 Reunion Place, Ste. 600
San Antonio, Texas 78216
kyoung@phmy.com


Sam Houston



4040 BROADWAY, SUITE 440
SAN ANTONIO, TX 78209
210.775.0882 Direct
sam@hdappeals.com


/s/ David L. McLane_____
DAVID L. MCLANE